IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Nutramax Laboratories, Inc., and Nutramax Laboratories Veterinary Sciences, Inc. | ) ) ) | Civil Action No. 0:16-1255-JMC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **JOINT STIPULATION OF SETTLEMENT AND ORDER** |
| Manna Pro Products, LLC, Nutri-Vet Wellness, LLC, and 21st Century Animal HealthCare, LLC, | ) ) ) ) | |
| Defendants. | ) | |

This Stipulation of Settlement and Order (the "Stipulation") is hereby made effective as of this 8th day of July, 2016 (the "Effective Date"), by and between Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (collectively, the "Plaintiffs") and Defendants Manna Pro Products, LLC, Nutri-Vet Wellness, LLC, and 21st Century Animal HealthCare, LLC (collectively, the "Defendants"). Plaintiffs and Defendants are sometimes referred to herein individually as "Party" and together as the "Parties."

## RECITALS

WHEREAS Plaintiffs have marketed, advertised, distributed, and sold their canine health supplements nationwide bearing the packaging trade dress and visual material depicted below:



WHEREAS Plaintiffs' packaging trade dress and visual material shown above consists of the following elements: (1) a photograph of a particular dog breed that is unique to each product (2) containing an obscured background of foliage; below the photograph are (3) multiple silhouetted images of dogs and (4) a color band that is unique to each product; and (5) a small rectangular box that is distinct from comparable products offered by competitors ("Plaintiffs' packaging");

WHEREAS Defendants have distributed products under their "Petnology" line in the product packaging shown below (which products shall hereinafter be referred to as the "Accused Products"):



WHEREAS, one or more disputes have arisen between the Parties regarding the Accused Products and, specifically, the alleged similarity between Plaintiffs' packaging and the Accused Products' packaging (collectively, the "Disputes"); and

WHEREAS, the Parties desire to fully and finally resolve any and all claims and disagreements between them asserted in, arising out of, or in any way regarding the Disputes, on the terms and subject to the conditions set forth herein and without any admission of liability.

NOW THEREFORE, in consideration of the mutual covenants and the conditions herein set forth, and for other good and valuable consideration, the sufficiency and receipt of which the Parties hereby acknowledge, the Parties agree as follows:

## **TERMS OF AGREEMENT**

1. <u>Settlement Terms.</u>  In full and complete settlement of the Disputes between the Parties, and pursuant to the mutual releases set forth in this Stipulation, the Parties agree as follows:

(a) Within seven (7) calendar days of the Effective Date, Defendants shall pay Plaintiffs thirty-five thousand dollars ($35,000).

(b) As of the Effective Date, and for all times in the future, Defendants, their respective past, present, and future divisions, subsidiaries, corporate parents, affiliates, officers, directors, employees, agents, attorneys, partners, associates, representatives, privies, controlling persons, stockholders, beneficiaries, and heirs, and each of their respective predecessors, successors, assigns, insurers, and subrogees, and all others in active concert or participation with them shall not manufacture, distribute, ship, advertise, market, promote, transfer, sell, or offer to sell the Accused Products in the packaging shown above.

(c) As of the Effective Date, and for all times in the future, Defendants, their respective past, present, and future divisions, subsidiaries, corporate parents, affiliates, officers, directors, employees, agents, attorneys, partners, associates, representatives, privies, controlling persons, stockholders, beneficiaries, and heirs, and each of their respective predecessors, successors, assigns, insurers, and subrogees, and all others in active concert or participation with them shall not manufacture, distribute, ship, advertise, market, promote, transfer, sell, or offer to sell any products that either (i) use Plaintiffs' packaging, or (ii) the packaging of the Accused Products as depicted above.  Plaintiffs agree that the packaging attached hereto as Exhibit A is not confusingly similar to Plaintiff's packaging.

(d) As of the Effective Date, and for all times in the future, Defendants, their respective past, present, and future divisions, subsidiaries, corporate parents, affiliates, officers, directors, employees, agents, attorneys, partners, associates, representatives, privies, controlling persons, stockholders, beneficiaries, and heirs, and each of their respective predecessors, successors, assigns, insurers, and subrogees, and all others in active concert or participation with them shall not reference or use in any manner the words Nutramax, Nutramax Laboratories®, Cosequin®, Dasuquin®, or any other of Plaintiffs' products or trademarks, whether in advertising or marketing statements or for any purpose or reason, and regardless of the channel of trade or medium of advertising (including on its website or through any agent, distributor or reseller, such as Amazon.com), and whether for product comparison purposes or not.  Defendants further agree not to make any indirect or implied written or oral comparison between any product and any of Plaintiffs' products by using identical or substantially similar claims made on Plaintiffs' products (for example, a currently-prohibited comparison by implication would be "compare to #1 vet recommended brand," "same formula as the #1 vet-recommended brand").

2.     <u>Release by Defendants.</u>  As a material inducement for Plaintiffs to enter into this Stipulation, Defendants, for themselves and their past, present, and future affiliates, employees, agents, attorneys, partners, associates, representatives, privies, beneficiaries, and heirs, and each of their respective predecessors, successors, assigns, insurers, and subrogees, hereby absolutely, irrevocably, and unconditionally release, remise, and forever discharge Plaintiffs and each of such Plaintiffs' past, present and future divisions, subsidiaries, corporate parents, affiliates, officers, directors, employees, agents, attorneys, partners, associates, representatives, privies, controlling persons, shareholders, beneficiaries, and heirs, and each of their respective predecessors, successors, assigns, insurers and subrogees from and against any and all manner of actions, causes of action, suits, debts, agreements, promises, obligations, damages, judgments, claims, liabilities, losses, costs (including attorney fees), expenses, and demands whatsoever, direct or indirect, in law or in equity, whether known or unknown, which any of the Defendants had, has, or in the future may have against any of the Plaintiffs with respect to the Disputes and any action or omission arising out of or relating to the Disputes.  This release specifically excludes the obligations of the Parties set forth in this Stipulation and any and all documents and instruments executed in connection herewith.

3.     <u>Release by Plaintiffs.</u>  As a material inducement for Defendants to enter into this Stipulation, Plaintiffs, for themselves and their past, present, and future affiliates, employees, agents, attorneys, partners, associates, representatives, privies, beneficiaries, and heirs, and each of their respective predecessors, successors, assigns, insurers, and subrogees, hereby absolutely, irrevocably, and unconditionally release, remise, and forever discharge Defendants and each such Defendants' past, present and future divisions, subsidiaries, corporate parents, affiliates, officers, directors, employees, agents, attorneys, partners, associates, representatives, privies, controlling persons, shareholders, beneficiaries, and heirs, and each of their respective predecessors, successors, assigns, insurers and subrogees from

and against any and all manner of actions, causes of action, suits, debts, agreements, promises, obligations, damages, judgments, claims, liabilities, losses, costs (including attorney fees), expenses, and demands whatsoever, direct or indirect, in law or in equity, whether known or unknown, which any of the Plaintiffs had, has, or in the future may have against any of the Defendants with respect to the Disputes and any action or omission arising out of or relating to the Disputes. This release specifically excludes the obligations of the Parties set forth in this Stipulation and any and all documents and instruments executed in connection herewith. This Section is not effective until the 91st day after payment of the amount identified *supra* Section 1(a) is fully received and cleared.

4. <u>No Lawsuits.</u> It is the express intention of the Parties that the foregoing releases shall be effective as a bar to any and all manner of actions, causes of action, suits, debts, agreements, promises, obligations, damages, judgments, claims, liabilities, losses, costs (including attorney fees), expenses, and demands whatsoever, direct or indirect, in law or in equity, whether known or unknown, and the Parties agree not to sue or bring suit against the other Party to this Stipulation or in any way assist any other person or entity in suing or otherwise bringing a claim, action, or proceeding against either Party to this Stipulation with respect to the claims released hereby.

5. <u>Non-Disparagement.</u> Each Party agrees not to make, publish, or otherwise communicate, or cause, permit, or suffer to be made, published, or otherwise communicated, any negative, disparaging, defamatory, or deleterious remark or statement to any third party concerning the other Party hereto, including, without limitation, negative statements concerning its reputation, services, business prospects, capabilities, skills or abilities, or financial or personal health; provided, however, that nothing in this Paragraph shall preclude either Party from providing any truthful statements or other information in any judicial or administrative proceeding, or as otherwise required by law.

6. <u>Specific Enforcement.</u>  The Parties agree that it may be impossible to assess the damages caused by a violation of this Stipulation or any of its terms, and therefore agree that the Court may specifically enforce all of the provisions of this Stipulation and any and all documents executed in connection herewith or to be executed pursuant to this Stipulation, and that specific performance is an appropriate and necessary remedy.

7. <u>Non-Admission of Liability.</u>  Neither this Stipulation nor the events occurring during the negotiation of this Stipulation (including all statements, admissions, or communications made in connection therewith) shall constitute or be considered admissions of liability or wrongdoing by either Party, or an acknowledgment by either Party of the truth or correctness of the other Party's contentions or allegations.  The Parties have entered into this Stipulation solely for the purpose of settling the Disputes.  All actions taken and statements made by the Parties or their representatives relating to their participation in this Stipulation, including its development and implementation, were taken and made in the context of privileged and confidential dispute resolution negotiations.  The settlement shall be of no evidentiary effect in any proceeding, except with respect to a proceeding between the Parties to enforce any provision of this Stipulation.

8. <u>Non-Assignment.</u>  Each Party represents and warrants that such Party has not assigned or otherwise transferred any claims released herein to any non-party to this Stipulation, and that each Party will not assign or otherwise transfer, or attempt to assign or otherwise transfer, any claim relating to the Disputes to any non-party to this Stipulation.

9. <u>Entire Agreement.</u>  This Stipulation constitutes the entire understanding between the Parties, and supersedes all prior or contemporaneous oral or written understandings, statements, representation, or promises, with respect to the subject matter hereof.  The Parties agree that the Recitals beginning on page one (1) of this Stipulation are incorporated herein and constitute a material part of this Stipulation.

10. <u>Binding Effect.</u>  This Stipulation and the releases contained herein shall be binding on, and shall inure to the benefit of, the Parties, and their respective past, present, and future divisions, subsidiaries, corporate parents, affiliates, officers, directors, employees, agents, attorneys, partners, associates, representatives, privies, controlling persons, stockholders, beneficiaries, and heirs, and each of their respective predecessors, successors, assigns, insurers, and subrogees.  Each Party further agrees that nothing in this Stipulation shall operate or be construed as a release or discharge of any obligation owed by any Party under the terms of this Stipulation or preclude any right, claim, or action by any Party to enforce the provisions of this Stipulation.

11. <u>Choice of Law and Jurisdiction.</u>  This Stipulation shall be governed by and construed in accordance with the laws of the State of South Carolina, without regard to such jurisdiction's conflict of laws principles, except to the extent that federal law requires that federal law governs.  The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation and the Parties to this Stipulation submit to the jurisdiction of the Court for those purposes.

12. <u>Attorneys' Fees.</u>  The Parties agree that, in any motion practice or other proceedings initiated to enforce the terms of this Stipulation, the prevailing party shall be entitled to its reasonable attorneys' fees.

13. <u>Costs.</u>  Each Party shall bear and pay such Party's own expenses, costs, and charges, including attorneys' fees, incident to the negotiation, preparation, and execution of this Stipulation.

14. <u>Enforcement of Terms.</u>  Failure to insist upon strict compliance with any of the terms, covenants, or conditions of this Stipulation shall not be deemed a waiver of any such term, covenant, or condition, nor shall such failure at any one time or more times be deemed

a waiver or relinquishment of any other time or times of any right under the terms, covenants, or conditions of this Stipulation.

15. <u>Modification.</u>  This Stipulation shall not and cannot be modified, amended, altered, limited, or supplemented except upon the execution and delivery of a written agreement expressly referring to this Stipulation and executed by each of the Parties.

16. <u>Severability.</u>  In the event any provision contained in this Stipulation shall for any reason be held unenforceable, illegal, or invalid, such holding shall not affect any other provision hereof.

17. <u>Counterparts.</u>  This Stipulation may be signed by the Parties in counterparts, and shall be fully enforceable as if all Parties had signed a single document.

18. <u>Acknowledgment.</u>  Each Party acknowledges and represents that (a) such Party has read the terms of this Stipulation, (b) such Party has been assisted and advised by counsel of its or his choice with respect to this Stipulation, (c) such Party fully understands the terms of this Stipulation, (d) such Party, including the individual signing on behalf of such Party if an entity, has the authority to enter into this Stipulation and bind such Party, and the execution, delivery and performance of this Stipulation have been duly authorized by all necessary action (including all corporate action), (e) such Party has entered into this Stipulation voluntarily and with full knowledge of the effects and consequences hereof, and (f) this Stipulation is made and entered into by such Party without reliance upon any statement, representation, promise, inducement, understanding, or agreement which is not herein expressed or referenced.

19. <u>Further Assurances.</u>  Each Party agrees, at any time following the execution hereof and without further consideration, to cooperate fully and to promptly execute and deliver all such documents and instruments, and take all such further actions, as any other

Party may reasonably request in order to more fully carry out the transactions contemplated by, and the purposes and intents of, this Stipulation.

20. <u>Construction.</u>  The Parties agree that this Stipulation was the result of a joint effort, and shall not be construed or interpreted against any one Party.

21. <u>Survival.</u>  Each Party acknowledges that the terms of this Stipulation shall survive the execution of the mutual releases set forth herein.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the Parties have executed this Stipulation as of the day and year below.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| DEFENDANTS MANNA PRO PRODUCTS, LLC, NUTRI-VET WELLNESS, LLC, AND 21ST CENTURY ANIMAL HEALTHCARE, LLC | PLAINTIFFS NUTRAMAX LABORATORIES, INC. AND NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC. |
| By their attorney, | By their attorneys, |
| /s/ Beattie B. Ashmore* <br> Beattie B. Ashmore <br> Fed. Bar #5215 <br> Beattie B. Ashmore, P.A. <br> 650 E. Washington Street <br> Greenville, SC 29601 <br> Tel.: (864) 467-1001 <br> Fax: (864) 672-1406 <br> Beattie@BeattieAshmore.com | /s/ Richard A. Farrier, Jr. <br> Richard A. Farrier, Jr. <br> Federal ID# 772 <br> E-Mail: richard.farrier@klgates.com <br> Christopher A. Jaros <br> Federal ID# 12094 <br> E-Mail: christopher.jaros@klgates.com <br> K&L GATES LLP <br> 134 Meeting Street, Suite 200 <br> Charleston, SC 29401 <br> Telephone: 843.579.5600 <br> Facsimile: 843.579.5601 |
| * Signed by Richard A. Farrier, Jr. with permission from Beattie B. Ashmore, pursuant to Section 10.4 of the Electronic Case Filing Policies and Procedures of the District of South Carolina. | Morgan T. Nickerson (*pro hac vice*) <br> E-Mail: morgan.nickerson@klgates.com <br> K&L GATES LLP <br> State Street Financial Center <br> One Lincoln Street <br> Boston, MA 02111 <br> Telephone: 617.261.3100 <br> Facsimile: 617.261.3175 |

SO ORDERED.

This 8th day of July, 2016.

*J. Michelle Childs*

Honorable J. Michelle Childs
United States District Judge